UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────
PAUL ORR, WANDA ORR, and WANDA
ORR on behalf of BRIAN ORR, an infant,

             Plaintiffs,                 **MEMORANDUM & ORDER**
    -v.-                                        07-CV-787 (DRH)(AKT)

MILLER PLACE UNION FREE SCHOOL
DISTRICT, SETH LIPSHIE, GRACE BRINDLEY,
DEBRA WHITE and ROBERT YOUNG,

             Defendants.
───────────────────────────────────────────────

**Appearances:**

**For the Plaintiffs:**
JOHN RAY & ASSOCIATES
122 North Country Road
P.O. Box 5440
Miller Place, New York 11764
By: John Ray, Esq.

**For Defendants Miller Place Union Free School District, Seth Lipshie, Grace Brindley and Debra White:**
AHMUTY, DEMERS & McMANUS
750 Roanoke Avenue
Riverhead, New York 11901
By: Robert J. Hindman, Esq.

**For Defendant Robert Young:**
**WILLIAM D. WEXLER, ESQ.**
**816 Deer Park Avenue**
**North Babylon, New York 11703**

**HURLEY, Senior District Judge**:

        Plaintiffs Paul and Wanda Orr, individually, and Wanda Orr on behalf of her infant son Brian Orr ("Plaintiffs"), filed the present action against defendants Miller Place Union Free School District ("the District"), Seth Lipshie ("Lipshie"), Grace Brindley ("Brindley"), Debra White ("White") (collectively, the "District Defendants"), and Robert Young ("Young")

(collectively with the District Defendants, "Defendants") claiming violations of their civil rights emanating out of several racially discriminatory actions taken against Brian Orr while he was a student at the District's high school. Defendant Young has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons stated below, Young's motion is granted.

## BACKGROUND

The following facts are taken from the Complaint and are presumed true for purposes of this motion.

Plaintiffs are African-Americans who own a home in the District. Less than five percent of the District's residents, as well as its students, are African-American. Lipshie is the principal of the high school, White is the assistant principal, and Brindley is the school superintendent. Defendant Young is a student in the District.

At the time the Complaint was filed, Brian Orr was a ninth grade student in the District's high school. Plaintiffs allege that Defendants have maintained a policy of discriminating against minorities through their failure and refusal to take reasonable steps to address the racial animus and hostility of Caucasian students against minority students. Specifically, the Complaint alleges that Caucasian students scratched the words "fucking nigger" on Brian Orr's locker (Compl.¶ 22) and sent him racial slurs via instant messages, including the word "nigger," (*id.* ¶ 24). The Complaint also alleges that defendant Young engaged in bigoted conduct, such as persistently "pushing and bumping" Brian Orr in the hallways (*id.* ¶ 23), deliberately colliding with Brian Orr during football practice after the plays ended (*id.* ¶ 25), spitting on Brian Orr's locker and locker handle while making derisive comments (*id.* ¶ 26),

publicly pushing and assaulting Brian Orr in the hallway (*id.* ¶ 27), and approaching another African-American student's home in the District and demanding to know if Brian Orr was present, while several Caucasian students leapt out from surrounding bushes, (*id.* ¶ 28). As further proof of Defendants' alleged policy of racial discrimination, it is alleged that Brian Orr was suspended for three days after he was assaulted by defendant Young.

Plaintiffs allege that although the District Defendants knew, or should have known, of the foregoing actions, they "knowingly and intentionally and negligently failed and refused to take such reasonable steps to diminish and eliminate the racial animus, hostility and bias of said students against minorities including African-Americans including Plaintiff." (*Id.* ¶ 37.) The Complaint asserts eight causes of action for alleged violations of civil rights.

Young moves for dismissal of the Complaint in its entirety, claiming that the Complaint fails to state a cause of action under 42 U.S.C. § 1983 ("Section 1983") as against him. He contends that "[t]he other causes of action pursued by the Complaint, including inadequate training and supervision and violation of 42 U.S.C. section 2000d *et seq.* are presumed to have no application to defendant Young." (Young's Mem. in Supp. at unnumbered page 5 n.3.) A review of the various claims asserted in the Complaint appears to confirm Young's assertion. Plaintiffs do not respond to this contention, and in their opposition papers, address the Section 1983 claim only. Accordingly, the Court assumes that the only claim asserted against Young is under Section 1983. For the reasons that follow, Young's motion to dismiss this claim is granted and the action is dismissed against Young.

## DISCUSSION

**I.**   *Motion to Dismiss: Legal Standards*

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court recently clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6). In *Bell Atl. Corp. v. Twombly*, – U.S. –, 127 S. Ct. 1955 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations and internal quotation marks omitted).

The Second Circuit has stated that *Twombly* does not require a universally heightened standard of fact pleading, but "instead requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). In other words, *Twombly* "'require[s] enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d

47, 50 (2d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).[1] As always, the Court must "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *ATSI Commcn's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

## II. *Defendant Young's Motion to Dismiss the Complaint is Granted*

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To prevail on a Section 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him of a federal right. *See id.*; *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). Young argues that the Complaint fails to allege that he is a state actor or that he conspired with a state actor to deprive Plaintiffs of their constitutional rights. Plaintiffs concede that Young is a private party. However, they argue that Young acted under color of state law by conspiring with the District Defendants. For the reasons that follow, the Court finds that the allegations are insufficient.

### A. *Elements of a Section 1983 Conspiracy Claim*

The elements of a Section 1983 conspiracy claim are: (1) an agreement between

---

[1] Although *Twombly* did not make clear whether the plausibility standard applies beyond the antitrust context, the Second Circuit has "declined to read *Twombly's* flexible 'plausibility standard' as relating only to antitrust cases." *ATSI Comm'n's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n.2 (2d Cir. 2007).

two or more state actors or a state actor and a private entity (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal, and causing some harm. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). Thus, "a private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" *Id.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)) (other citations omitted).

Plaintiffs contend that the Complaint "present[s] facts which tend to show a tacit agreement and understanding between and among the named Defendants that Defendant Young's conduct would not be met with condign punishment as would be appropriate for any other student misbehavior." (Pls.' Mem. at unnumbered page 8.) Thus, Plaintiffs argue, because "[t]he racial discrimination practiced by Defendant Young and the other white students . . . received the approval of the District's Administrators" (*id.* at unnumbered page 7), the Complaint adequately alleges a Section 1983 conspiracy. In addition, they point to paragraph 54 of the Complaint which alleges that "Defendant's [sic] illegally conspired together to deprive Plaintiffs of their aforesaid rights, in contravention of 42 U.S.C. § 1983." (Compl. ¶ 54.) Defendants contend that the allegations are too conclusory to pass muster under Rule 12(b)(6).[2] Before the Court evaluates the sufficiency of Plaintiffs' allegations, it must first determine the applicable pleading standard.

### B. *Applicable Pleading Standard for Conspiracy Claims*

---

[2] Young alternatively argues that because he is under eighteen years of age, he lacks the capacity to be a conspirator and, therefore, may not be subject to liability under Section 1983. Young proffers no authority to support this proposition. In any event, because the Court dismisses the conspiracy claim against Young for failure to state a claim under Rule 12(b)(6), the Court need not, and does not, address this issue.

In *Ciambriello*, the Second Circuit stated that "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." 292 F.3d at 325. In that case, the Second Circuit deemed the factual allegations insufficient because the plaintiff had "not provided any details of time and place and failed to specify in detail the factual basis necessary to enable defendants intelligently to prepare their defense." *Id.* (internal citations and quotation marks omitted).

In *Toussie v. Powell*, 323 F.3d 178 (2d Cir. 2003), the Second Circuit declined to consider "whether [its] previous statements on the pleading requirements for [Section 1983] conspiracy allegations remain valid in light of two subsequent Supreme Court decisions" which rejected heightened pleading standards. *Id.* at 185 n.3 (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993) and *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002)). Nevertheless, following *Toussie*, courts in this Circuit have continued to evaluate conspiracy claims pursuant to the standard enunciated in *Ciambriello*, namely that "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed," *Ciambriello*, 292 F.3d at 325 (citations and internal quotation marks omitted). *See Walker v. Jastremski*, 430 F.3d 560, 564 n.5 (2d Cir. 2005) ("[C]onclusory or general allegations are insufficient to state a claim for conspiracy under § 1983.") (citing *Ciambriello*); *Farbstein v. Hicksville Pub. Library*, 254 Fed. Appx. 50, 51, No. 06-0907-cv, 2007 WL 3407434, at *1 (2d Cir. Nov. 15, 2007) (summary order) (dismissing conspiracy claim where plaintiffs "bare allegation of conspiracy [was] supported only by an allegation of conduct that is readily explained as individual action" and plaintiff failed to allege "a factual basis

supporting a meeting of the minds . . . to achieve the charged unlawful end") (citations and internal quotation marks omitted); *Conte v. County of Nassau*, No. 06-CV-4746, 2008 WL 905879, at *19 (E.D.N.Y. Mar. 31, 2008) ("Vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed."); *Green v. Bartek*, No. 3:05CV1851, 2007 WL 4322780, at *3 (D. Conn. Dec. 7, 2007) ("The Second Circuit has consistently held that a claim of conspiracy to violate civil rights requires more than general allegations."). In addition, in 2007, the Supreme Court stated that a plaintiff must go beyond mere "labels and conclusions" in stating the grounds on which he is entitled to relief and emphasized that "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1965. The Court specifically noted that "*Swierkiwicz* did not change the law of pleading, but simply re-emphasized . . . that the Second Circuit's use of a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements." *Id.* at 1973. Accordingly, the Court will apply the *Ciambriello* standard in evaluating the sufficiency of the conspiracy claim against Young in this case.

      **C.**    *Plaintiffs Fail to Allege that Young Conspired with State Actors*

Here, the Complaint alleges that Young committed a series of racially charged acts against Brian Orr and that the District Defendants were aware, or should have been aware, that such acts occurred and of their discriminatory nature. The Complaint further alleges that the District Defendants failed to take steps to prevent such acts from occurring and that all Defendants "conspired together to deprive Plaintiffs" of their constitutional rights." (Compl. ¶ 54.) These allegations fail to state a conspiracy claim against Young. The Complaint is devoid of any factual details regarding an agreement among Young and the District Defendants to

violate Plaintiffs' civil right. In this regard, there is no allegation, or even suggestion, that Young had any understanding that he was involved in a conspiracy with the purported negligent District Defendants. Rather, Plaintiffs' allegations constitute the type of "vague, conclusory, and general" allegations that, standing alone, are routinely found lacking under Rule 12(b)(6). *Ciambriello*, 292 F.3d at 325.

In support of their argument, Plaintiffs rely on *Zemsky v. City of N.Y.*, 821 F.2d 148 (2d Cir. 1987), where the Second Circuit stated as follows:

> A person who is not a government official or employee acts under color of state law for purposes of Section 1983 when "he has acted together with or has obtained significant aid from state officials" or has similarly engaged in conduct attributable to the state.

*Id.* at 151. In *Zemsky*, the plaintiff-high school teacher sued various municipal defendants and others for purported constitutional violations arising out of six assaults on him by students at the school. *Id.* at 150. The district court dismissed sua sponte all claims against a former student, "reasoning that the complaint did not adequately allege any concerted action between these private parties and persons acting under color of state law." *Id.* On appeal, the Second Circuit affirmed that dismissal, finding that "the complaint d[id] not allege that [the student] acted in concert with or received any significant assistance from the municipal defendants. Furthermore, the complaint makes only vague and conclusory allegations as to any relationship between [the student] and the municipal defendants." *Id.* at 152.

Contrary to Plaintiffs' contentions, *Zemsky* does not help them. Here, as in *Zemsky*, there are no allegations which suggest that Young was acting in concert with the District Defendants or received significant assistance therefrom. In fact, there is no suggestion that Young had any sort of relationship with the District Defendants whatsoever. Because there are

no allegations supporting an inference that Young acted jointly with the District Defendants such that Young was acting under color of state law, Young's motion to dismiss the Complaint is granted.

## *CONCLUSION*

For the foregoing reasons, Defendant Young's motion to dismiss the Complaint is GRANTED.[3]

**SO ORDERED.**

Dated: Central Islip, N.Y.
July 9, 2008

/s
Denis R. Hurley,
United States District Judge

---

[3] Young, who is represented by counsel, has not moved for leave to amend. In fact, his opposition papers do not even hint at any facts which would cure the deficiencies found by the Court herein. Under these circumstances, the Court declines to grant Young leave to amend. *See Sutton ex rel. Rose v. Wachovia Secs., Inc.*, 208 Fed. Appx. 27, 29 (2d Cir. Dec. 7, 2007) ("The district court has ample discretion not to grant leave to amend when, as here, such leave was never properly requested, and the plaintiffs [who were represented by counsel] did not demonstrate how they would amend the complaint in a manner that would not be futile.").